# Lowenstein Sandler
ATTORNEYS AT LAW

FEB 19 2008

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
Stephen R. Buckingham
Member of the Firm
DATE FILED: 2/26/08
Tel 973 597 2326
Fax 973 597 2327
sbuckingham@lowenstein.com

February 18, 2008

BY FEDERAL EXPRESS
The Honorable William H. Pauley III
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 2210
New York, NY 10007

*Application granted.*
**SO ORDERED:**

[signature]
WILLIAM H. PAULEY III U.S.D.J.
2/22/08

Re:   <u>Adelaide Gail Zappa v. Rykodisc, Inc. -- Civil Action No. 08- 396</u> *A pre-motion conference shall be held March 13, 2008 at 10:30am.*

Dear Judge Pauley:

On behalf of Defendant Rykodisc, Inc. ("Ryko"), we <u>write to request a pre-motion conference in connection with our anticipated pre-answer motions to dismiss and for a more definite statement pursuant to Rules 12(b)(6) and 12(e)</u>. On consent from Plaintiff, Ryko's time to answer or otherwise respond to the Complaint has been extended to March 6.

In her Complaint, Plaintiff alleges that Ryko has, among other things, violated the 1994 agreement between the parties under which Plaintiff assigned to Ryko the copyrights in the master recordings ("Subject Masters") embodied in more than 50 albums recorded by Frank Zappa between 1965 and 1993. Plaintiff alleges that Ryko has breached the 1994 agreement, committed copyright infringement, and violated the Lanham Act. Plaintiff seeks damages, injunctive relief, a declaratory judgment, and an accounting from Ryko. The following is a brief description of our anticipated motion.

I.   **PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER THE LANHAM ACT**

Plaintiff alleges that Ryko violated the Lanham Act by making "false designations or representations of origin" when it released certain compilations of Mr. Zappa's recordings under the Ryko name. This claim fails as a matter of law because the United States Supreme Court held in 2003 that the Lanham Act's cause of action for false designation of origin does not extend to claims of misrepresentations of authorship. See <u>Dastar Corp. v. Twentieth Century Fox Film Corp.</u>, 539 U.S. 23, 37 (2003) (holding that the word "origin" in the Lanham Act "refers to the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods."). It is indisputable that Ryko was the producer of the tangible goods in issue (the compact discs and vinyl records), and that the sound recordings embodied in those albums were actual recordings by Mr. Zappa. Accordingly, there can be no claim for false designation of origin under the Lanham Act. This Court has routinely granted motions to dismiss in such cases. See, e.g., <u>Thomas Publ'g Co., LLC v. Tech. Evaluation Ctrs., Inc.</u>, 2007 U.S. Dist. LEXIS 55086 (S.D.N.Y. 2007); <u>Antidote Int'l Films, Inc. v. Bloomsbury Publ'g, PLC</u>, 467 F. Supp. 2d 394, 398 (S.D.N.Y. 2006).

Lowenstein Sandler PC                                                                  www.lowenstein.com

Reply:  65 Livingston Avenue  Roseland, New Jersey 07068  Tel 973 597 2500  Fax 973 597 2400
        1251 Avenue of the Americas  New York, New York 10020  Tel 212 262 6700  Fax 212 262 7402

The Honorable William H. Pauley III　　　　　　　　　　　　　　　　February 18, 2008
Page 2

## II.　PLAINTIFF HAS NOT SUFFICIENTLY PLED COPYRIGHT INFRINGEMENT

In addition, Plaintiff has failed to sufficiently plead the elements of copyright infringement, which requires the following *specific* allegations: "(i) which specific original work is the subject of the claim, (ii) that plaintiff owns the copyright in the work, (iii) that the copyright has been registered in accordance with the statute, and (iv) by what acts during what time the defendant infringed the copyright." Sun Micro Medical Tech. Corp. v. Passport Health Comm., Inc., 2006 WL 3500702, *10 (S.D.N.Y. 2006) (granting defendants' motion to dismiss due to plaintiff's "general allegations").

Here, Plaintiff's five counts of copyright infringement fail to allege each of these essential elements. None of the five counts identifies the time periods of the alleged infringements (which is significant for reasons explained in Section III), or alleges that the copyrighted works have been registered (a jurisdictional prerequisite to suit), or identifies the registration numbers. Equally important, Plaintiff has not identified the specific works allegedly infringed, or the particular acts purportedly constituting infringement. As one example, paragraph 61 of the Complaint alleges that Ryko "without authority ... altered and/or modified the album artwork," without identifying which album artworks were modified, or how and when they were modified. Moreover, Plaintiff has failed to attach to her Complaint certificates of copyright registration for the sound recordings, compositions, and album artworks allegedly infringed, making it impossible for Ryko to determine the specific works in dispute, or whether such claims were released in a 1999 settlement agreement between the parties. Failure to attach these certificates alone warrants dismissal. Vargas v. Pfizer, Inc., 418 F.Supp.2d 369, 373 (S.D.N.Y. 2005) (J. Pauley).

For these reasons, Ryko will move pursuant to Rule 12(b)(6) to dismiss the copyright infringement claims and the Lanham Act claim for failure to state a claim upon which relief may be granted.

## III.　PLAINTIFF SHOULD BE REQUIRED TO PROVIDE A MORE DEFINITE STATEMENT

Ryko also seeks permission to move for a more definite statement with respect to all of Plaintiff's asserted claims. Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

As noted, Plaintiff's five copyright infringement claims fail to plead each of the four required elements for such a cause of action. This Court has often granted defendant's motions for a more definite statement when the plaintiff's complaint has failed to satisfy this pleading standard. See, e.g., Kelly v. L.L. Cool J., 145 F.R.D. 32 (S.D.N.Y. 1992), aff'd 23 F.3d 398 (2d Cir. 1994).

Plaintiff has also failed to plead her breach of contract, Lanham Act, and accounting claims with the necessary degree of specificity. For example, in Paragraph 15(b) of the Complaint, Plaintiff alleges



The Honorable William H. Pauley III                                February 18, 2008
Page 3

that Ryko improperly released "a number of the Subject Masters in vinyl," without specifying which recordings or the purported timeframes. Similarly, in Paragraph 70, Plaintiff vaguely asserts that Ryko released as Zappa albums "compilations consisting of Subject Masters taken from various albums created by Zappa . . . " without providing any details whatsoever. Moreover, in Paragraph 76, Plaintiff claims that Ryko has "consistently underaccounted for mechanical royalties due to Plaintiff," but does not specify the alleged compositions for which Ryko purportedly owes royalties.

More than 14 years ago, Plaintiff assigned to Ryko more than 50 albums consisting of hundreds of sound recordings and compositions spanning decades. After raising many similar claims in a prior lawsuit, Plaintiff executed a settlement agreement with Ryko in 1999, in which she released Ryko from a broad range of claims similar in nature to those pled here. Due to this history, Plaintiff should be required to provide a more definite statement of her claims, so that Ryko does not have to guess whether any of the current claims are time-barred, were released in 1999, or are precluded by laches.

This Court has often required plaintiffs proffering such general and ambiguous allegations to replead. See, e.g., Intimate Bookshop, Inc. v. Barnes & Noble, Inc., 88 F. Supp. 2d 133 (S.D.N.Y. 2000) (J. Pauley). The deficiencies noted above and the fact that many of the claims may be either time-barred, released by a settlement agreement, or precluded by laches, make the time periods of the alleged breaches and infringements critical. The vagueness of the current complaint makes it very difficult for Ryko to answer the claims as pled.

Finally, in light of the "plausibility standard" articulated in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007) and the Second Circuit's interpretation of that case, granting Ryko's motion for a more definite statement as to all of Plaintiff's claims is warranted. See Iqbal v. Hasty, 490 F.3d 143, 158 (2d Cir. 2007) ("In order to survive a motion to dismiss under the plausibility standard of Bell Atlantic, a conclusory allegation concerning some elements of a plaintiff's claims might need to be fleshed out by a plaintiff's response to a defendant's motion for a more definite statement.").

Based on the foregoing, Ryko respectfully requests permission to file the motions outlined above.

Respectfully submitted,

Stephen R. Buckingham

17152/12  02/18/08 5027853.2

cc:   Ira S. Sacks, Esq. (by e-mail and Federal Express)
      Matthew J. Atlas, Esq.
      Matthew Savare, Esq.

